## SWIFT & CO.

*v.*

## HENRY A. FOSTER, Admr.

*Filed at Ottawa May 12, 1896—Rehearing denied October 13, 1896.*

1. LIMITATIONS—*when amendment of declaration does not state a new cause of action.* The addition of counts in a suit for the death of an employee from the fall of lumber while being hoisted, charging that such fall was due to the use of a defective cog-wheel, is not the setting up of a new cause of action barred by the Statute of Limitations subsequent to the original commencement of the action, although it was originally alleged that the fall was from the negligence of an employee not a fellow-servant, in using the machinery.

2. EVIDENCE—*that widow and children were dependent upon deceased, competent.* In an action for the death of an employee through negligence, evidence that the widow and children were dependent upon him, before and at his death, for their support, is admissible, although evidence of their pecuniary circumstances since the decease is not competent.

3. SAME—*showing notice to employer of defects in machinery, competent.* In an action for the death of an employee through the fall of lumber from a hoist because of a broken tooth in a cog-wheel, evidence that the attention of the general superintendent was called to such wheel and tooth is admissible to show notice to the employer of such defect.

4. APPEALS AND ERRORS—*when admission of incompetent evidence is cured by instruction.* The admission as evidence, in an action for the

death of an employee, of a conversation with the general superin-
tendent as to the general insecurity of the machinery, is not preju-
dicial error, where the court instructs the jury that they cannot
go outside of the particular charges made, and that they have
nothing to do with the condition of any other machinery than that
specifically mentioned as causing the injury.

WILKIN, PHILLIPS and CARTWRIGHT, JJ., dissenting.

*Swift & Co.* v. *Foster,* 55 Ill. App. 280, affirmed.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. JAMES GOGGIN, Judge,
presiding.

JOHN A. POST, and JOHN B. BRADY, (SAMUEL S. PAGE,
of counsel,) for appellant.

E. P. EASTMAN, and W. S. JOHNSON, (S. P. SHOPE, of
counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee, as administrator of the estate of John
Mullen, deceased, brought this action on the case against
appellant to recover damages for the alleged negligent
killing of said Mullen, its employee. The declaration,
as filed in March, 1892, contained but one count, which
charged, among other things, that the defendant had and
used a certain building several stories high, wherein, by
its servants, it was engaged in repairing cars used in the
shipment of meat, and by means of a drum and cog-wheels
operated a hoisting tackle to hoist and lower lumber from
one floor to another, and that certain lumber which was
being lowered from the third floor by this tackle, by the
negligence of an employee of defendant (not a fellow-
servant with Mullen) was so insecurely and improperly
fastened with the rope there used to tie the lumber that
it slipped out and fell upon Mullen, who was on the first
floor, and so injured him that he died. More than two
years after the declaration was filed, the plaintiff, by
leave of court, filed two additional counts, which were

like the first, except that in them the negligence was alleged to have consisted in the putting in and using a defective cog-wheel,—one having a cog or tooth broken out,—whereby it slipped and caused the hoisting tackle to jerk and the lumber to become unfastened and to fall upon Mullen. To the two additional counts the defendant pleaded that they were new causes of action and that they did not accrue within two years. The court sustained a demurrer to the plea and the defendant stood by its plea. The cause was tried on the issue made by the plea of not guilty as to all the counts, and a verdict and judgment for $5000 were rendered for plaintiff. The Appellate Court has affirmed the judgment, and appellant now prosecutes its appeal to this court.

The first assignment of error insisted upon is the ruling of the court in sustaining the demurrer to the plea of the Statute of Limitations. Counsel insist that the additional counts set up a new cause of action, which was barred by the statute. We cannot agree with counsel in this contention. The negligence of defendant, whereby the death of Mullen was caused, might well be stated in different ways in the several counts, in order to prevent a variance between the allegations and proofs, without setting up different and distinct causes of action. The only substantial difference between the counts is, that in the two additional counts, to which the Statute of Limitations was pleaded in bar, it is alleged that the lumber was caused to fall upon and kill Mullen by reason of the negligence of the defendant in furnishing and having in use for hoisting and lowering lumber, defective machinery, while in the first count it is alleged that the lumber was caused to fall because of the negligence of an employee (not a fellow-servant with Mullen) in using the machinery (not alleged to be defective) in an improper manner,—that is, in lowering the lumber without properly tying and fastening it. It is plain that different causes of action are not set up in these several counts.

To so frame a declaration is but to state the cause of action in different ways, and it has frequently been held that the plaintiff may amend his declaration so as to re-state the cause of action after the statute has run, without subjecting his action, as thus re-stated, to the bar of the statute. (*North Chicago Rolling Mill Co.* v. *Monka*, 107 Ill. 340; *Dickson* v. *Chicago, Burlington and Quincy Railroad Co.* 81 id. 215.) The case is by no means within the principle of the principal cases relied on by counsel, viz., *Illinois Central Railroad Co.* v. *Cobb, Christy & Co.* 64 Ill. 128; *Phelps* v. *Illinois Central Railroad Co.* 94 id. 548; *Chicago, Burlington and Quincy Railroad Co.* v. *Jones,* 149 id. 361.

Complaint is made that the trial court erred in not instructing the jury, at the close of the evidence, at the request of the defendant, to find their verdict for the defendant. It would be a waste of time to dwell upon this point. It is sufficient to say that there was so much evidence tending to prove the two counts last filed that it would have been clear error to have given the instruction. But little fault is found with the court for its rulings in giving and refusing instructions requested on the several branches of the case, and we see no room for criticism in this regard. The defendant's rights were fully and fairly placed before the jury and were carefully guarded in the instructions.

Complaint is also made of the rulings of the court in the admission and rejection of testimony offered on the trial. In the first place, it is claimed it was error to permit the widow of the deceased to testify that she and her children were dependent upon the deceased, before and at his death, for their support. The same question was fully considered in *Pennsylvania Co.* v. *Keane,* 143 Ill. 172, and after reviewing other decisions it was said (p. 175): "We take it that the rule deducible from the cases is substantially this: That it is not competent to show what the pecuniary circumstances of the widow, family or next of kin are or have been since the decease

of the intestate, but that it is competent to show that the wife, children or next of kin were dependent upon him for support before and at the time of his death. This view is in consonance with the statute that gives the action, and which provides that such damages shall be given as are a fair and just compensation for the pecuniary injuries resulting from the death to the wife and next of kin of the deceased person. It cannot well be said that proof that the wife or next of kin of the deceased were, at and before the time of his decease, dependent upon him for support, or that he was her or their sole support, is wholly immaterial and irrelevant to any point at issue in the case. We therefore conclude that there was no error in overruling the objection made in that regard to the evidence."

It is next insisted that the witness Barnes, who was foreman of the repair shop, was improperly permitted to testify to a conversation between him and Beesner, the master mechanic and general superintendent in charge for the company, which took place two or three weeks before the accident and after the wheel with the broken tooth was put in. He testified that he called Beesner's attention to the wheel; that they were looking at it; that he spoke of the broken tooth, and told Beesner that the machinery ought to have been taken out as it was nothing but a death-trap anyhow, and that Beesner replied he had been trying to have it taken out and an elevator put in. The object of this testimony was to show that defendant had notice of the defect in the machinery complained of. Beesner stood in the position of vice-principal, and represented the master. It is perhaps true, as claimed by appellant's counsel, that in view of the allegations of the declaration more latitude was allowed the plaintiff in showing by this witness, and another witness, Miller, who took the machinery apart some time after the accident, the general insecurity of the machinery, than was strictly within the rules of law

governing the production of evidence on the trial; but the testimony tended to prove the issue and was so far proper, and in view of the full and specific instructions of the court we cannot conclude that appellant was injured in the respect complained of. One of the instructions given at the request of the defendant was as follows:

12. "The court instructs you that you have no right to go outside of the particular charges made in the first count and the two additional counts of plaintiff's declaration. Plaintiff is limited to those three counts and the particular charges therein, and you have nothing to do with any other charges nor with the condition of any other machinery than that specifically mentioned in said counts as having directly caused Mullen's injury; and unless plaintiff has proved, by a preponderance of the evidence, that the particular lumber that injured Mullen fell upon him because a tooth or cog was broken out of a wheel in the hoisting apparatus, and that by reason of that the wheel slipped at the same time said lumber was being lowered, and at that same time such slipping actually jerked that very lumber so as to cause it to become unfastened from the tackle and rope which held it, your verdict should be not guilty as to those charges of plaintiff's declaration in the first and second additional counts."

Many other exceptions were taken to the rulings of the trial court in admitting or excluding testimony, but we have thought it necessary to mention specifically only the most important. They are all considered insufficient to reverse the judgment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

WILKIN, PHILLIPS and CARTWRIGHT, JJ., dissenting.