(5 App. Div. 121.)

## PRESSMAN v. MOONEY.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

1. NEGLIGENCE — DEATH OF PEDESTRIAN FROM COLLISION WITH TEAM.
   In an action for the death of plaintiff's decedent, a child 7 years old, caused by her being run over at a street crossing by defendant's team, the elder sister of decedent, a child 12 years of age, in whose care the decedent was at the time of the accident, testified that before attempting to cross the street she looked for approaching teams; that defendant's team and

another were some distance off, and traveling at a pace which would have given her time to have crossed the street; that the teams suddenly quickened their speed, and that she was unable to get decedent out of the way of defendant's team. Other witnesses testified that they saw the teams approaching at a high rate of speed, the driver of defendant's team using his whip, and looking at the other team, which was trying to get ahead of him. The driver of defendant's team testified that he was driving at the speed of about five miles an hour, and that he did not see decedent until she appeared at his horses' heads from behind a cart standing by the curb, and that his wagon did not pass entirely over the child; and his testimony was in some circumstances corroborated by a policeman who witnessed the accident. *Held*, that a verdict for plaintiff would not be disturbed.

2. DEATH BY WRONGFUL ACT—DAMAGE—EVIDENCE.
    In an action by an administrator for the death of his decedent, a child seven years of age, evidence as to the financial condition of decedent's family, to show the necessity that the children should work to support the household, is admissible to show the contribution she might have been expected to make towards the support of the household.

Appeal from circuit court, New York county.

Action by David Pressman, as administrator, against Thomas J. Mooney. From a judgment for plaintiff entered on a verdict, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Benjamin Yates, for appellant.
David Leventritt, for respondent.

VAN BRUNT, P. J. This action was brought by the plaintiff, as administrator of Ettie Pressman, deceased, to recover damages resulting from the death of said Ettie Pressman, who, it is alleged, sustained injuries from being run over by a team of horses and truck owned by the defendant, and under the control of his employé. The evidence is somewhat confused because of the manner in which the principal witness of the plaintiff gave her testimony, but it would appear that the deceased, 7 years old, in company with her sister Dora, then 12½ years old, on the 2d of October, 1893, went to visit a friend in Orchard street, near Hester. They started to go to their home at 411 Grand street. When they arrived at the southwest corner of Grand and Ludlow streets, they stopped, and the elder sister looked to see if there were any wagons coming. She saw two wagons coming slowly along Ludlow street, from Broome towards Grand, and she testified that she had time to cross. The two started to cross Ludlow street, and when in the middle of the street, while walking on the crossing, suddenly and without warning she saw the two wagons upon them, their speed having been unexpectedly increased. The elder girl thereupon tried to go backwards, and to pull her sister with her, but was unable to do so, because the wagon which ran over her sister was already upon her, and her own dress caught in the wheels of the other wagon, and she fell down. The younger child was killed. Other witnesses were called upon the part of the plaintiff, who testified that they saw the children attempting to cross the street and the two wagons; one of the witnesses stating that the wagons were coming at a high rate of speed,

the driver of the one who ran over the deceased using his whip, and looking at the other driver trying to get ahead of him. The evidence of the driver examined upon the part of the defendant in regard to the happening of the accident was to the effect that the girls came out suddenly from behind an ash cart in front of the wagons, and that the elder one, as he says, "ran out, and she fired the young one away. She threw the young one away, and left it out of her hand, and it fell under my whippletrees. The whippletrees knocked her down, and I pulled up my horses. I almost knocked them down. I did not run over the child, but I ran over far enough for to kill it." Another witness upon the part of the defendant, who was a policeman, testified that he did not notice the two little girls until they ran into the horses; that they ran into the horses about 12 or 15 feet off Grand street, on Ludlow. He says:

"There was an ash cart on the southwest corner of Grand street and Ludlow street. The tail of the ash cart was just about a foot or two on the crossing. There was one horse attached to the ash cart, and it was in Ludlow street, facing south. When I noticed the little girls, they came around the horse's head of the ash cart."

He further says:

"I saw two little girls shoot out, and run up against the horses. The smaller one of the children was toward the wheel. I saw her fall. As she fell, I started to cross the street, and the driver then pulled the horses up."

This witness stated that the horses were going at the rate of five or six miles an hour.

Upon this state of the evidence the questions of fact were submitted to the jury, and the jury found a verdict in favor of the plaintiff. We see no ground upon which it should be disturbed. There was evidence tending to show that due diligence had been used by the elder sister, who was in charge of the younger, and that the accident occurred through the reckless driving of the employé of the defendant. It is true that the evidence upon the part of the defendant gives an entirely different version of the happening of the accident, but that was a question for the jury, and, they having solved it in favor of the plaintiff, we cannot interfere.

It is urged that the court erred in allowing evidence as to the condition of the plaintiff's family, and as to the necessity of the plaintiff requiring his small children to work in order to help provide for the support of his household. We do not see, however, but that this evidence was entirely competent. The plaintiff was bound to establish what pecuniary damage the next of kin of the infant had suffered by reason of her death, and the contribution which, in view of the pecuniary situation of the family, she might be expected to make, was certainly an element necessary to be considered by the jury. Other exceptions are taken in the case, but none of them seem to be of sufficient gravity to need any special notice.

The judgment and order should be affirmed, with costs. All concur.