KALI INLA COAL CO. v. GHINELLI *et al.*

No. 5608. Opinion Filed February 8, 1916.

(155 Pac. 606.)

1. **DEATH—Aliens.** Where an Italian citizen, who has known heirs, is killed in the United States. said heirs are not prohibited, by the treaty between the United States and Italy, from bringing an action for damages for the killing.

2. **DEATH—Action—Parties—"Next of Kin."** Where a deceased child leaves no issue, nor husband, nor wife, but leaves both

father and mother, they are the only heirs and "next of kin" of the deceased, and the brothers and sisters of said deceased should not be joined with his father and mother in an action for damages for the killing of the deceased child.

3. **TRIAL—Opening Statement—Time for Making.** The law requires the party not having the burden of proof to make his statement immediately following the statement of the party having the burden of proof, unless the court, for some special reason, otherwise directs.

4. **APPEAL AND ERROR—Assignment of Error—Pleading—Evidence.** The assignment that the court erred in admitting any evidence presents the question in this case as to whether the petition states a cause of action.

5' 8. **MASTER AND SERVANT—Injury to Servant—Mine Explosion —Generation of Cause—Evidence.** Where an employee is killed by an explosion in a mine, evidence of gas being found therein, weeks and months before the accident, is admissible for the purpose of showing the mine generated gas.

6. **APPEAL AND ERROR—Harmless Error—Demurrer to Evidence.** Where defendant demurs to the evidence in chief, and afterwards introduces evidence, and the omission or defect by reason thereof is supplied, the overruling of the demurrer becomes harmless.

7. **MASTER AND SERVANT—Substitute for Servant—Temporary Service—Duty of Master.** Where a master, from custom, permits his servant to substitute another person temporarily, in his stead, such substituted person is the employee of the master, and the master owes to such substituted person, during such temporary service, the same degree of protection that he owes to his regularly employed servant.

9.' **DEATH — Action for Damages — Evidence — Pecuniary Circumstances of Plaintiff.** Where parents sue to recover damages for the killing of a child, evidence, as to the amount of property owned by the parents, is admissible.

10. **TRIAL — Submission of Issues — Evidence — Credibility of Witnesses—Question for Jury.** Where there is any evidence reasonably tending to support the issues, it should be submitted to the jury, and evidence on a given point does not depend upon the larger number of witnesses, because some may swear the truth, while others may not, and the jurors are the sole judges of the credibility of witnesses.

11. **TRIAL—Refusal of Instructions Covered.** Where the court, in its general instructions, substantially gives the special instructions, requested by the parties, that ought to have been given, it is not error for the court to refuse to give them in the manner requested.

(Syllabus by Watts, C.)

*Error from District Court, Latimer County;*
*W. H. Brown, Judge.*

Action by Charles Ghinelli and another against the Kali Inla Coal Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

*James B. McDonough,* for plaintiff in error.

*Arnote & Anderson,* for defendants in error.

Opinion by WATTS, C. This was an action for the negligent killing of Andrew Ghinelli, March 25, 1910, brought by his father and mother, defendants in error, plaintiffs below, hereafter called "plaintiffs," in the district court of Latimer county, against plaintiff in error, defendant below, hereinafter called "defendant."

The Ghinellis were native-born inhabitants of Italy, the father and son residing in Oklahoma, and the mother in Italy at the time their son, Andrew Ghinelli, was killed, and, the father and mother having recovered judgment against defendant for the sum of $750, defendant appeals to this court. The defendant contends the trial court committed the following error:

First, that the father and mother cannot maintain this action.

Second, the plaintiffs, under the law of Oklahoma, cannot maintain this action.

Third, the trial court erred in holding that, if any opening statement was made by the plaintiff in error, it must be made following the opening statement by the defendants in error.

Fourth, the court erred in admitting any testimony in the case.

Kali Inla Coal Co. v. Ghinelli et al.

Fifth, erred in admitting evidence of gas weeks and months before the accident.

Sixth, it was error to admit the evidence of Gondolphi and Palmeri that there were only two gas men.

Seventh, it was error to permit Gondolphi to testify that he employed Ghinelli.

Eighth, error in admitting evidence of Gondolphi as to gas in the mine.

Ninth, error in admitting evidence as to the property owned by defendants in error.

Tenth, the demurrer to the evidence should have been sustained.

Eleventh, error in instructions.

1. The defendant contends that the treaty of the United States with Italy (May 8, 1878, 20 Stat. 725) abrogates and sets aside the statute of Oklahoma providing for the bringing of such actions, and to maintain its contention cites the following articles of said treaty:

"Art. 16. In case of the death of a citizen of the United States in Italy, or of an Italian citizen in the United States, who has no known heir, or testamentary executor designated by him, the competent local authorities shall give notice of the fact to the consuls or consular agents of the nation to which the deceased belongs, to the end that information may be at once transmitted to the parties interested."

"Art. 17. The respective Consuls General, Consuls, Vice Consuls and Consular agents, as likewise the Consulor Chancellors, secretaries, clerks or attaches, shall enjoy in both countries, all the rights, prerogatives, immunities and privileges which are or may hereafter be granted to officers of the same grade, of the most favored nation."

The defendant argues that the trial court erred in sustaining the demurrer to its answer, which alleged that the plaintiffs could not maintain their suit by reason of said treaty. We cannot agree with this contention, because said treaty only applies to an Italian citizen who has no known heirs, or testamentary executor designated by him. If the plaintiffs are the heirs of Andrew Ghinelli, then they had a right to bring this action. Section 8985, Comp. Laws 1909, provides that when the deceased leaves no issue, nor husband, nor wife, but leaves both father and mother, the estate must go to the father and mother in equal shares. Therefore the plaintiffs are the only heirs of Andrew Ghinelli, and were not prohibited from bringing this action by reason of the aforesaid treaty. *Mulhall v. Fallon,* 176 Mass. 266, 57 N. E. 386, 54 L. R. A. 934, 70 Am. St. Rep. 309; *Atchison, T. & S. F. Ry. Co. v. Farjardo,* 74 Kan. 314, 86 Pac. 301, 6 L. R. A. (N. S.) 681; *Vetaloro v. Perkins* (C. C.) 101 Fed. 393; 2 Cyc. 107; 13 Cyc. 333.

2. Defendant contends that the plaintiffs under the laws of Oklahoma cannot maintain this action. With this contention we cannot agree, for the reason section 5946, Comp. Laws 1909, provides that where there is no widow, and where there is no personal representative, the action may be maintained by the next of kin. *Shawnee Gas & Electric Co. et al. v. Motesenbocker,* 41 Okla. 454, 138 Pac. 790, holds that the "next of kin" are persons who, under the laws of this state, would inherit the personal property of the deceased, and the statute, *supra,* shows that the plaintiffs were the only persons that could maintain this action, and it was not necessary or proper that the brothers and sisters of Andrew Ghin-

elli be joined with the plaintiffs in order to maintain this action.

3. Defendant contends that the court erred in requiring it, if it made any opening statement, to make it following the opening statement of the plaintiffs. Section 5794, Comp. Laws 1909, reads as follows:

"When the jury has been sworn, the trial shall proceed in the following order, unless the court for special reasons otherwise directs: First, the party on whom rests the burden of the issues may briefly state his case, and the evidence by which he expects to sustain it. Second. The adverse party may then briefly state his defense, and the evidence he expects to offer in support of it."

We think the above statute requires the party not having the burden of proof to make his statement immediately following the statement of the party having the burden of proof, unless the court, for some special reason, should otherwise direct.

4. The fourth assignment, that the court erred in admitting any evidence, presents the question in this case as to whether the petition states a cause of action. *Sulsberger & Sons Co. v. Castleberry*, 40 Okla. 613, 139 Pac. 837. The contention is not well taken. The sufficiency of the petition will be discussed in the tenth assignment.

5. The defendant urges that the court erred in admitting evidence of gas weeks and months before the accident.

Section 4359, Comp. Laws 1909, provides that the break-throughs in mines where gas is generated in dangerous quantities shall not be more than 30 feet apart. Section 4374, Comp. Laws 1909, provides that, in all

mines where explosive gas is generated, every working place, without exception, and all roadways shall be carefully examined before each shift, and in no case shall said examination be begun more than three hours prior to the appointed time for each shift to begin work. One of the grounds of negligence alleged in plaintiffs' petition is that the defendant had driven the eighth east entry of said mine more than 30 feet beyond the break-through. It was also alleged in their petition, as one of the acts of negligence, that the defendant had failed to inspect its mine for explosive gases, in accordance with the law. We think that the evidence was admissible, for the purpose of showing that the mine generated gas, and for the purpose of showing that the defendant had been negligent in driving its entry more than 30 feet beyond the break-through, and that explosive gas was generated in its mines.

6. The defendant thinks it was error to admit the evidence of Gondolphi and Palmeri that there were only two gas men. This evidence was admissible for the purpose of showing that this mine was not inspected for gas, just prior to the time Andrew Gihnelli and his companions went to work on the night of the accident. Be this as it may, John Patterson, the foreman, for defendant testified on cross-examination, without objection or exception, that there were only two gas men, and that they did not examine the work for the night shift, and that they had no other gas men, and this is an admission that there were only two gas men, and thereby makes the evidence of Gondolphi and Palmeri harmless.

7. Defendant contends it was error to permit Gondolphi to testify that he employed Ghinelli. The evi-

Kali Inla Coal Co. v. Ghinelli et al.

dence shows that Ghinelli was working in the mine of defendant on the night that he was killed. This court has held, in the case of *Oklahoma City Construction Co. v. Peppard*, 43 Okla. 121, 140 Pac. 1084, that:

"Every person who is found performing the work of another is presumed to be in the employment of the person whose work is being done, and if the facts be such as to exempt the owner of the property improved, or the persons for whom the work is being performed, from liability for the acts of those performing such work, it devolves upon him who claims such exemption to make proof of the terms of the contract, showing that the relation of master and servant did not exist."

Gondolphi testified that he was sick, and "it was custompary, when we lay off, to send another along in our place." Patterson, the mine foreman, testified that Andrew Ghinelli had no right in the mine that night, and that Gondolphi had no authority to employ him. This raised a question of fact, and the court did right in submitting it to the jury, and the jury by their verdict found that Gondolphi did have authority to send Ghinelli to work in his place. Where there is any evidence reasonably tending to support the verdict of the jury, this court will not disturb it. In the case of *St. Louis & S. F. Ry. Co. v. Bagwell*, 33 Okla. 189, 124 Pac. 320, 40 L. R. A. (N. S.) 1180, this court said:

"One who, at the request of a conductor in charge of a freight train, an emergency existing reasonably requiring such assistance, temporarily assists in the work of the carrier in the unloading of a safe, * * * the regular crew not being reasonably able to unload same, is, for the time being, the servant of" the master.

Mr. Justice Williams, in the case from which we have just quoted, cited as authority *Aga v. Harbach*, 127 Iowa,

144, 102 N. W. 833, 109 Am. St. Rep. 377, 4 Ann. Cas. 441, in which the court said, in part:

"In many such cases it has been held that the servant has implied authority to engage such temporary service, and that the substitute or assistant, if not in law the employee of the master, is at least entitled to the same measure of protection as is the servant or agent upon whose request he rendered the assistance."

We think where a master, from custom, permits his servant to substitute another person temporarily in his stead, such substituted person is the employee of the master, and the master owes to such substituted person, during such temporary service, the same measure of protection that he owes to his regularly employed servant.

8. Defendant contends that the court erred in admitting the evidence of Gondolphi as to gas in the mine. This evidence was admissible for the reason heretofore stated in the fifth assignment of error.

9. Defendant contends that the court erred in admitting evidence as to the property owned by plaintiffs. This evidenc was admissible for the purpose of showing the parents' general position in life, and that they could have reasonably expected assistance and financial aid from their son, even beyond his majority. There is no question but that, in a case of this kind, the authorities so hold. In *Thompson v. Johnston Bros. Co.*, 86 Wis. 576, 57 N. W. 298, the syllabus is as follows:

"In an action to recover damages for the death of a boy 16 years old, evidence as to the pecuniary circumstances of his mother, a widow, and the number of her children, was admissible; and the jury in such case might take into account her reasonable expectation of pecuniary

benefit from the continuance of his life, even beyond his majority."

See, also, *Johnson's Adm'r v. Chicago & N. W. R. Co.*, 64 Wis. 425, 25 N. W. 223; *L. R., M. R. & T. Ry. Co. v. Leverett, Adm'r*, 48 Ark. 833, 3 S. W. 50, 3 Am. St. Rep. 230; *Illinois Central R. R. Co. v. Crudup*, 63 Miss. 291; *Pressman v. Mooney*, 5 App. Div. 121, 39 N. Y. Supp. 44; *Swift & Co. v. Foster*, 163 Ill. 50, 44 N. E. 837; *Gulf, C. & S. F. Ry. Co. v. Younger*, 90 Tex. 387, 38 S. W. 1121; *International & G. N. Ry. Co. v. Knight* (Tex.) 45 S. W. 167.

Some cases may be found holding that the evidence of financial and physical condition, etc., is calculated to arouse the passion and sympathy of the jury. If this rule was applicable to all cases, the amount of the verdict is sufficient to show it had no such effect in the case at bar, and therefore no injury resulted therefrom.

10. Defendant contends that the court erred in not sustaining the demurrer to the evidence: First, because the petition does not state sufficient facts to constitute a cause of action. Second, by demurrer to the evidence at the close of the plaintiffs' case in chief. Third, by demurrer to the evidence, and request for an instructed verdict, at the close of all the evidence. The defendant in its brief fails to point out wherein the petition fails to state a cause of action, and from the inspection of the petition we are of the opinion that the same does state a cause of action. The defendant contends that the evidence wholly fails to show that Andrew Ghinelli was in the employ of the defendant at the time the accident occurred. The evidence shows, prior to overruling the demurrer, that Andrew Ghinelli was working in defend-

ant's mine at the time he was killed, and this court held, in the case of *Oklahoma City Construction Co. v. Peppard,* heretofore referred to:

"Every person who is found performing the work of another is presumed to be in the employment of the person whose work is being done."

Therefore we think that the court, in overruling the demurrer, did right. Be that as it may, the error, if any, was cured by the plaintiffs afterwards introducing evidence, and the omission, or defect, if any, was supplied by the witness Gondolphi, who testified that he sent Andrew Ghinelli to work the night of the accident in his stead, and that it was customary, when an employee layed off, to send another to work in his place.

Counsel for defendant insists that, at the close of all the evidence, the court should have instructed the jury to find for defendant; but we think the court was right in overruling the motion to instruct the jury to find for the defendant, for the reason that there was evidence reasonably tending to support the contention of plaintiffs, and, where there is any evidence reasonably tending to support the issue, it should be submitted to the jury, for the jurors are the sole judges of the evidence. The record shows that Andrew Ghinelli was working in defendant's mine at the time he was killed, and that Gondolphi testified that he had not been discharged by defendant, and that he had sent Andrew Ghinelli to work in his place on the night of the accident, and that it was customary, where an employee layed off, to send another to work in his place. This evidence should certainly have been submitted to the jury, as was properly done, by the trial court. While it is true that Patterson, the mine foreman, and divers other persons, testified that

Gondolphi was discharged by defendant, on the morning prior to the accident that night, it was controverted. Evidence on a given point does not depend upon the larger number of witnesses, because some may swear the truth, while others may not, and the jurors are the sole judges of the credibility of witnesses.

11. Defendant contends that the court erred in its statement of the issues, by reading the petition to the jury, which contained allegations of negligence which were not supported by the evidence. In this the court did not err, for the reason, at the conclusion of reading the statement complained of, the court used the following language:

"You, gentlemen, are now impaneled and sworn to try such of the issues above stated, as will be hereinafter submitted to you by the court."

It is urged the court erred in giving instruction one for the reason it assumes that Andrew Ghinelli was in the employ of the defendant. Standing alone, the instruction has the aspect claimed, but the court further instructed, in No. 3, that plaintiffs could not recover unless the deceased was an employee of defendant, and in No. 13 the court fully and fairly submitted the question as to whether Gondolphi had been discharged, as well as the right and power of defendant to discharge an employee, and in No. 17 the jury was told to look to the evidence for the facts and to the instructions for the law, regardless as to who was plaintiff and defendant, and in No. 18 the jury was told that they must consider the instructions all together and they had no right to consider any part or parts of same to the exclusion of other portions thereof.

JANUARY TERM, 1916.—VOL. LV.     301

We think that there was no error committed by the trial court in any of the instructions, considered together; that every instruction requested by defendant that ought to have been given was fairly and substantially given in the court's general instructions.

Finding no error in the proceedings of the trial court, we recommend that the judgment below be affirmed.

By the Court: It is so ordered.