## MOHRMAN v. PAXTON et al.

No. 24221.  March 19, 1935.

Rehearing Denied May 28, 1935.

Horace H. Hagan and T. Austin Gavin, for plaintiff in error.

McCollum & McCollum, for defendants in error.

OSBORN, V. C. J. Mary E. Paxton filed this action in the district court of Pawnee county against Wade Z. Paxton and S. S. Mohrman to recover the sum of $800 with interest on a contract relating to the sale of an oil and gas lease. The cause was tried to a jury and a verdict rendered in favor of the plaintiff against both defendants. The defendant Paxton refused to join in the appeal as plaintiff in error and was made a party defendant in error by S. S. Mohrman. The parties will be referred to as they appeared in the trial court.

Plaintiff was the owner of the N. E. quarter of section 15, twp. 23 N., R. 5 E., in Pawnee county. On August 9, 1926, plaintiff executed an oil and gas lease on the premises to the Bu-Vi-Bar Oil Corporation and delivered the same to the defendants. At the same time they executed and delivered to her a contract, which in part provides:

"This agreement made this 9th day of August, 1926, by and between Wade Z. Paxton and S. S. Mohrman, parties of the first part, and Mary E. Paxton, party of the second part.

"That upon the delivery of an oil and gas lease by the party of the second part to the Bu-Vi-Bar Oil Corporation, of Tulsa, Okla., dated August 9, 1926, for a term of three (3) years upon the following land, to wit:

"N.E.¼ of section 15, township 23, north of range 5E.

"That the parties of the first part will pay to the second party the sum of eight hundred dollars ($800) as follows:

"That within six months from the time said oil and gas lease is delivered to the Bu-Vi-Bar Oil Corporation by the second party said lease is at this time in escrow in the Bank of Commerce of Ralston, Okla., until said Bu-Vi-Bar Oil Corporation starts the drilling of a test well on the S.W.¼ of section 15, township 23, north of range 5 east. That the first parties will pay to the second party the sum of eight hundred dollars. * * *"

It appears that the defendants had previously made arrangement with the Bu-Vi-Bar Corporation to drill a well in the vicinity of plaintiff's property if they should procure and deliver to said company a block of leases. On or about the 12th day of August, 1926, the lease in question was presented to the Bu-Vi-Bar Corporation and a photostatic copy thereof made, and thereafter the lease was delivered to one A. D. Krow to be held in escrow by him until the Bu-Vi-Bar Corporation started the drilling of a test well. For reasons with which we are not here concerned, the well was not drilled. Defendants failed to pay the $800 consideration for the oil and gas lease. It is agreed that the sole question tried in the lower court and presented in this appeal is whether or not there was a delivery of the oil and gas lease to the Bu-Vi-Bar Corporation according to the terms of the above contract.

It is conceded by plaintiff that the only evidence offered by her tending to show a delivery was improperly admitted by the trial court, but it is contended that the evidence of the defendants sufficiently shows delivery of said oil and gas lease. We therefore turn to the evidence offered by defendant on this point. Plaintiff relies principally upon the testimony of defendant Dr. S. S. Mohrman. He admitted the execution of

the oil and gas lease and the contract, and testified that A. D. Krow took the lease to the Bu-Vi-Bar offices and left it there for the purpose of making a photostatic copy; that it was left with the company a part of the day and redelivered to Mr. Krow, who thereafter retained it in a bank at Ralston. He further testified on cross-examination that a controversy arose between himself, Wade Paxton, and A. D. Krow on one side and the Bu-Vi-Bar Corporation on the other as to whether or not they had complied with the agreement with the Bu-Vi-Bar so as to bind them to carry out their agreement to drill, in which they contended that they had carried out and completed their part of the contract to get the leases and deliver them to the Bu-Vi-Bar; that the controversy terminated in a lawsuit in which they prevailed against the Bu-Vi-Bar and recovered damages for failure to drill. This cause was tried in the federal court of the Northern District of Oklahoma, appealed to the Circuit Court of Appeals, opinion reported in Bu-Vi-Bar Petroleum Corp. v. Krow, 40 Fed. (2d) 488, 69 A. L. R. 1295, reversed for a second trial. Appealed and affirmed by the Circuit Court of Appeals; Bu-Vi-Bar Oil Petroleum Corp. v. Krow, 47 F. (2d) 1065.

The record further shows that on October 29, 1926, defendant procured from plaintiff an extension of the terms of the escrow agreement to January 1, 1927. On January 4, 1927, for a consideration of $175, the defendant procured a further extension of the agreement from plaintiff to May 1, 1927.

In view of the above testimony and the testimony of all the other witnesses, we conclude that the defendants, Mohrman and Paxton, took the position that when the lease was delivered to the Bu-Vi-Bar Corporation and a photostatic copy made and retained by the company and the original lease held in escrow by A. D. Krow, there was such a delivery of the lease as would justify a recovery of damages in their favor against the Bu-Vi-Bar for failure to drill. The defendant Mohrman adopts a contrary view in this case, and takes the position that there was not sufficient delivery to warrant a recovery on the contract involved herein. No reason in law or fact is assigned for the inconsistent positions taken by said defendant. He contends that the trial court erred in allowing him to be cross-examined in this connection, but under all the facts in the case the trial court did not err in permitting such cross-examination.

At the close of plaintiff's evidence, defendant demurred, and the demurrer was over-ruled. Thereafter the defendant offered the evidence which we have referred to.

In the case of Burt Corporation v. Crutchfield, 153 Okla. 2, 6 P. (2d) 1055, it is said:

"Where defendant demurs to the evidence of the plaintiff in chief, and afterwards introduces evidence which supplies the omission or defect in the evidence of the plaintiff, the error in overruling the demurrer is cured and the ruling thereon becomes harmless."

In the case of Glaze v. Metcalf Thresher Co., 67 Okla. 22, 168 P. 219, it is said:

"The rule is now firmly established that where demurrer to plaintiff's evidence is overruled, if on account of some omission in the testimony, it should have been sustained, and defendant thereupon proceeds to offer testimony, and in so doing, supplies the omission, the error in the ruling on the demurrer is corrected, and if upon all the testimony in the case the judgment was properly rendered, it will not be disturbed on appeal. St. L. & S. F. Ry. Co. v. Loftis, 25 Okla. 496, 106 P. 824."

See, also, Kali Inla Coal Co. v. Ghinelli et al., 55 Okla. 289, 155 P. 606; Gulf, C. & S. F. Ry. Co. v. Beasley, 67 Okla. 27, 168 P. 200; Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785; Bales v. Breedlove, 96 Okla. 280, 222 P. 542; Sinclair Oil & Gas Co. v. Allen, 143 Okla. 290, 288 P. 981.

The above rule is controlling of the issues presented in this case. From an examination of the entire record, we conclude that there was ample evidence to sustain the verdict of the jury.

The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, BAYLESS, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. PHELPS, J., absent.