**Orum G. JONES, Plaintiff in Error,**

v.

**Willis James REDFORD, Defendant in Error.**

**No. 41850.**

Supreme Court of Oklahoma.

Jan. 28, 1969.

Rollie D. Thedford, Oklahoma City, for plaintiff in error.

Duke Duvall, Kenneth N. McKinney, Oklahoma City, for defendant in error, Duvall, Head, McKinney & Travis, Oklahoma City, of counsel.

DAVISON, Justice.

Orum G. Jones (plaintiff below) appeals from an adverse jury verdict and judgment rendered thereon against him and in favor of Willis James Redford (defendant below), whereby plaintiff was denied any recovery against defendant for personal injuries suffered by plaintiff when he was shot by defendant.

Plaintiff's propositions of error and grounds urged for a new trial are based upon a claim of prejudicial error in instructing the jury as to the issues, and a contention that the trial judge erroneously instructed the jury concerning the extent of the care and precaution the defendant was required to exercise in handling the rifle that shot plaintiff.

Plaintiff alleged in his petition that he and the defendant went to a sand pit (in a rural area) for the purpose of target practice and "sighting in" or adjusting sights on the defendant's rifle preparatory to going big game hunting; that they set up a cardboard target at a distance of about 120 yards and defendant fired one shot from his rifle and plaintiff then went down into the sand pit and behind an embankment (east of the target area) to await another shot by defendant; that defendant fired a second

shot and plaintiff, as previously planned went into the target area and, as plaintiff raised up to inspect the shot pattern, the defendant, recklessly, carelessly and negligently fired a third shot which struck plaintiff in his right shoulder and injured him. The pertinent charges of negligence made against the defendant in the petition were, that, (1) after agreeing with plaintiff to shoot in patterns of two rounds and then check the target and make sight corrections, the defendant fired a third shot without giving notice to plaintiff, (2) defendant failed to warn plaintiff that he (defendant) was not adhering to the agreed plan of a two shot pattern, and (3) defendant failed to exercise that degree of care which a reasonable prudent person would have exercised under like or similar circumstances.

Defendant answered by general denial, a denial that he was negligent, and a plea of contributory negligence and assumption of risk by the plaintiff.

The evidence introduced by plaintiff and the testimony of defendant (who was the only witness for the defense) was substantially in accord with the allegations of the petition concerning the purpose of the outing and the number of shots fired by defendant, but the testimony was conflicting as to an agreement to fire in patterns of two rounds. Plaintiff testified that after setting up the target they agreed to shoot patterns of three shots, but that after defendant had fired his first shot, they agreed to patterns of two rounds and to check the target and adjust the sights between such patterns. Defendant stated they talked of firing two round patterns and also talked about three rounds, that he understood it was three, and he remembered plaintiff stating that usually groups of three were fired in sighting-in rifles. Defendant denied seeing plaintiff when he fired the third shot. The record reflects that the parties were brothers-in-law and were planning a deer hunt, that they had previously hunted together, and had been big game hunting together the year before the subject incident.

The lower court instructed the jury and they returned a unanimous verdict for the defendant.

Plaintiff contends he is entitled to a new trial because the trial judge, in instructing the jury as to the issues between the parties, erroneously stated the allegations of the petition regarding a material issue of fact.

This contention is based on the following described circumstances. The trial judge substantially informed the jury of the contents of the petition, as above related, except the jury was informed the parties had an initial understanding that defendant was to shoot one pattern consisting of *three* shots. The instruction then informed the jury of plaintiff's charge that the defendant was negligent in failing to watch and advise plaintiff that the defendant was not going to adhere to the previously agreed plan of pattern of fire, and after firing two shots, without further notice, fired a third shot. The plaintiff insists that he was prejudiced by this instruction because it removed from the jury's consideration his contention that the parties agreed the shots would be fired in patterns of two rounds and that plaintiff was acting reasonably when he walked toward the target after two shots.

From our examination of the record we believe there are two explanations for the language in the instruction.

The plaintiff did testify the original plan was to fire in patterns of three shots and that after defendant's first shot the parties agreed to a pattern of two shots. The question of whether the parties agreed on a two shot pattern or a three shot pattern was an issue in the action. Plaintiff's testimony *and* petition on one side, and defendant's testimony on the other side, raised this issue. Viewed in this light, it was the duty of the trial judge to instruct on this issue.

The duty of the trial judge to instruct the jury on the fundamental issues of the case, means the issues as joined by the

evidence, and not merely as alleged in the pleadings. Williams v. Wilson, Okl., 368 P.2d 992, 994.

A further explanation of the reference in the instruction to an agreement for a *three* shot pattern is that it was a scrivener's error or oversight on the part of the trial judge in the preparation of the instruction, and that there was an intention to refer to an agreement for a *two* shot pattern. The question then arises as to whether the jury was misled.

The nature of the agreement regarding the shooting patterns was the subject of repeated questioning by counsel on both sides. The parties repeatedly testified as to their recollection and understanding of the agreement. Counsel for defendant on cross-examination of plaintiff read from the petition the plaintiff's allegations that after entering into an agreement with plaintiff to shoot in patterns of two rounds, defendant proceeded to fire the third shot without giving notice to the plaintiff. It is clearly evident that the jury was aware of plaintiff's claim that there was an agreement for a two shot pattern.

In Commonwealth Life Insurance Company v. Gay, Okl., 365 P.2d 149, we stated as follows:

"A judgment will not be disturbed on appeal because of an erroneous instruction, unless it appears reasonably certain that the jury was misled thereby, resulting in a miscarriage of justice."

See also Ruther v. Tyra, 207 Okl. 112, 247 P.2d 964.

It is our opinion that the jury was not misled and in fact did fully understand the issues in the action.

Plaintiff's first proposition of error has no merit.

Plaintiff presents four additional propositions of error. The alleged errors are generally that the court erred in instructing as to the degree of care the defendant was required to exercise, and that the court erred in refusing to give plaintiff's requested instructions on this subject.

The trial judge instructed the jury that unless they found the defendant guilty of negligence, as alleged by plaintiff, it was their duty to return a verdict for the defendant; that "negligence" was the want of ordinary care, and defined "ordinary care," and that negligence was the doing of something an ordinarily prudent person would not have done, or failing to do something which an ordinarily prudent person would have done under the same or similar circumstances. (Instruction paraphrased).

The trial judge further instructed the jury as follows:

"You are further instructed that a person using a loaded firearm is not an insurer and is not required to insure or guarantee that no injury would occur, but is required to exercise that degree of care usually exercised by an ordinarily prudent person under like or similar circumstances and which degree of care must be in proportion to the danger involved and commensurate therewith."

Plaintiff contends the trial judge should have given his requested instructions, (1) that a rifle is a dangerous instrumentality, and one who controls or handles it must use the highest degree of care for the safety of others, and (2) that one who has or controls an instrument exceptionally dangerous in character, is bound to take exceptional precautions to prevent an injury being done thereby, and every reasonable precaution suggested by experience and the known dangers of the subject ought to be taken by him.

In support of his contention plaintiff cites Hart v. Lewis, 187 Okl. 394, 103 P. 2d 65, in which it is stated that firearms are an extraordinarily dangerous instrumentality. In that case we held that one in possession or control of a dangerous instrumentality accessible to children of tender age is required by law to exercise the highest degree of care to prevent him from being injured thereby. Plaintiff urges that the same degree of care should be required of a person who, as a result of negligent handling of a gun, injures

another. He argues that one should owe the same duty of care *himself* to prevent injury, that he owes in preventing a child from inflicting injury.

We do not agree with this argument. In Shaffer Oil & Refining Co. v. Thomas, 120 Okl. 253, 252 P. 41, cited in the Hart case, we distinguished situations where a child or immature person is concerned. In that case children were burned by fire from an ignited gasoline drip in a pipe line. We said that a gasoline drip was a dangerous instrument when it had no locking devise and the defendant was handling a dangerous agency. In this situation we said there was a difference in the degree of care that is required to be used in guarding against dangers where a child or immature person is concerned and in the case of a mature person.

In his brief the plaintiff concedes that Oklahoma cases have supported the rule that persons handling firearms are required to exercise that degree of care which an ordinarily cautious and prudent person would exercise under similar circumstances.

In O'Barr v. United States, 3 Okl.Cr. 319, 105 P. 988, 139 Am.St.Rep. 959, the court held that the law imposes upon persons handling dangerous instruments, or deadly weapons, the duty of exercising ordinary care, or such care as an ordinarily prudent and cautious person would exercise under similar circumstances.

In Annear v. Swartz, 46 Okl. 98, 148 P. 706, L.R.A.1915E, 267, the injury was inflicted by discharge of a gun while hunting. In discussion of the proposition of the duty to exercise care in such situation and the authorities thereon it was stresssed that the test of liability was whether there was a failure to exercise reasonable or ordinary care, and that, as in other cases, the reasonable care which persons using firearms were bound to take in order to avoid injury to others was a care proportionate to the probability of injury.

See also Tulsa Stockyards Co. v. Moore, 184 Okl. 6, 84 P.2d 37.

The instructions given in the present case are in accord with our holdings in the above cited cases.

There is no merit in plaintiff's propositions of error.

The judgment of the lower court is affirmed.

IRWIN, C. J., BERRY, V. C. J., and BLACKBIRD, JACKSON, HODGES and LAVENDER, JJ., concur.