## REYNOLDS v. BROOKS.

No. 4171.   Opinion Filed October 12, 1915.

(152 Pac. 411.)

1. **TRIAL—Demurrer to Evidence.** Where the evidence is conflicting, and a demurrer is interposed thereto, all the facts and inferences in conflict with the evidence against which the action is to be taken must be considered untrue, or withdrawn and eliminated from consideration, leaving only that which is most favorable to the party against whom the demurrer is directed, and if upon consideration thereof there appears to be sufficient evidence to support a verdict in favor of the party offering the evidence, the demurrer should be overruled.

2. **LANDLORD AND TENANT—Attornment of Tenant—Effect.** The attornment of a tenant to a stranger is void, and does not affect the possession of the landlord, unless it be made with his consent, or pursuant to a judgment at law or t,he order or decree of a court.

3. **EJECTMENT—Judgment—Effect—Indian Lands.** A judgment in an ejectment suit involving the possession of Indian lands, rendered prior to the issuance of a patent therefor, cannot affect the rights of the patentee to the lands therein described, so long as such patent is outstanding.

4. **PUBLIC LANDS—Rights of Patentee.** One who holds title to the allotted lands under a patent regularly issued therefor does not stand in privity of estate with any prior claimants thereto, but receives his title direct through the medium of the patent.

5. **EJECTMENT—Evidence of Title—Exclusion.** Where, in an action for rent, the plaintiff alleges title in himself, and the defendant denies plaintiff's title, and alleges title and possession in another by virtue of a writ of execution based upon a judgment between parties who do not stand in privity of estate with plaintiff or defendant, and plaintiff offers to prove that the title of the plaintiff in the writ of execution has been canceled subsequent to the date of the judgment upon which such writ was issued, it was error to exclude such evidence.

(Syllabus by the Court.)

*Error from Superior Court, Grady County;*
*Will Linn, Judge.*

Action by Willie Reynolds against J. D. Brooks. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*F. E. Riddle,* for plaintiff in error.

*Bond & Melton,* for defendant in error.

HARDY, J. Plaintiff in error, who was plaintiff below, brought suit against defendant in error, J. D. Brooks, in the superior court of Grady county for rent upon certain lands alleged to have been demised by plaintiff to defendant for the year 1911, and caused an attachment to issue and be served in said action. The petition alleged that plaintiff was the legal and equitable owner of said lands, and under an oral agreement had rented the land to defendant for one-fourth of the cotton and one-third of the corn and other crops raised upon said premises, alleged to be of the reasonable value of $150; that without the consent of plaintiff, and without paying the rent, defendant had removed a portion of the crop from said land, sold the same, appropriated the money to his own use, and failed and refused to pay the rent. The defendant answered, denying specifically that he entered into a contract with the plaintiff, or that he was indebted to plaintiff for rents on said land, and alleged that he made a verbal contract with one C. A. Reynolds, father of plaintiff, renting said lands for the year 1911; that on the 13th day of April, 1911, the sheriff of Grady county, under an execution issued in the case of *Dave Hill v. C. A. Reynolds,* dispossessed the said C. A. Reynolds of said land, and delivered possession thereof to said Hill; and that he has paid the rents thereon to said Hill, who was, at the date of the filing of said answer, in possession of said lands. To this answer plaintiff filed reply, in which

he denied each and singular all of the allegations of affirmative matter set up in said answer, and further alleged that said execution was invalid, because the clerk had no authority to issue same, and that at the date of said answer, and at the date it was alleged defendant entered into a contract with said Hill, said execution had been restrained and enjoined by the district court of Grady county, and that defendant, Brooks, as well as said Hill, had knowledge thereof; that, if injunction had not actually been issued by the court on said date, defendant knew petition had been filed praying therefor, and knew that his landlord was making every effort to protect his possession, and that his attornment and contract with the said Hill was unauthorized and not necessary for the purpose of being protected in the possession of said premises; and, further, that plaintiff was the owner of said land at said date, and held the legal and equitable title thereto—all of which facts said defendant knew at all times, and that if said rents were paid to the said Hill, they were paid with knowledge of said facts, and after suit was filed, and said payment was no defense to plaintiff's action for said rents. Upon a trial of the case a jury was impaneled, statements of respective counsel made, and evidence of plaintiff offered, at the close of which defendant demurred to the evidence of plaintiff, which demurrer was sustained by the court, and judgment rendered for defendant, and plaintiff brings error.

At the trial plaintiff offered in evidence judgment in case No. ——, United States v. Hill et al. (no written opinion filed) rendered by the United States District Court for the Eastern District of Oklahoma, to the introduction of which objection was sustained. The pleadings

disclose that it was contended by defendant that he had been evicted by the execution set out in his answer, and was thereby justified in paying rents to the said Hill. It also appears from the pleadings that this execution was issued in the case of *Hill v. Reynolds,* which had been appealed to this court, and the judgment of the trial court affirmed. *Reynolds v. Hill,* 28 Okla. 533, 114 Pac. 1108. The opinion in that case discloses that judgment was rendered April 24, 1908, awarding possession of the premises involved, including the premises in the case at bar, to the plaintiff, Hill, who is the same Hill mentioned in the instant case. A statement of the pleadings in that case shows that at the date of the judgment patents for said land had been issued to said Hill as the father of James B. and Harry F. Hill, and Louis James, minors. It was alleged by defendant therein that contest had been instituted in the Land Department, which, on appeal to the Secretary of the Interior, had resulted in favor of defendant, awarding him the lands therein involved; but this court declined to go behind the patent, on the authority of *Moore v. Robbins,* 96 U. S. 530, 24 L. Ed. 848, and affirmed the judgment of the trial court awarding the lands to plaintiff. In the case at bar the judgment of the United States court offered in evidence, and which was excluded, shows that on the 3d day of December, 1910, said United States court, in an action brought by the United States of America against James B. Hill, Harry F. Hill, and Louis James, had canceled and set aside the patents theretofore issued to said defendants, and which formed the basis of the judgment in Hill v. Reynolds, rendered by the superior court of

Grady county, and upon which the execution involved was issued.

While it might have been the better procedure, had the case proceeded to verdict, for the plaintiff to reserve the introduction of this evidence to be offered in rebuttal of the defense set up in the answer, yet it was a question of procedure, and in view of the fact that the court sustained a demurrer to the plaintiff's evidence, and did not require the defendant to offer any proof of the allegations in his answer, we think the action of the court in excluding the judgment was error.

Upon cross-examination of the witness C. A. Reynolds, the defendant introduced in evidence the execution referred to, issued in the case of *Hill v. Reynolds,* under which it was claimed that plaintiff, Willie Reynolds, had been dispossessed, and said Hill put in possession of the premises, and at the close of plaintiff's evidence demurrer was sustained thereto, and judgment rendered for defendant, and the action of the court thereon is assigned as error. Upon demurrer to the evidence, the correct rule for consideration thereof is that such demurrer admits all of the facts which the evidence reasonably tends to prove, and every reasonable inference and deduction that may logically be drawn therefrom, considering the evidence in its most favorable light in favor of the plaintiff and against the defendant. *Edmisson v. Drumm-Flato Comm. Co.,* 13 Okla. 440, 73 Pac. 958; *Ziska v. Ziska,* 20 Okla. 634, 95 Pac. 254, 23 L. R. A. (N. S.) 1; *Shawnee Light & Power Co. v. Sears,* 21 Okla. 13, 95 Pac. 449; *Cooper v. Flesner,* 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29; *C., R. I. & P. Ry. Co. v. McCulley,* 30 Okla. 178, 120 Pac. 279; *McCall Bros. v. Far-*

*ley,* 39 Okla. 389, 135 Pac. 339; 'Crow v. *Crow,* 40 Okla. 455, 139 Pac. 122. And where the evidence is conflicting, and the court is asked to direct a verdict, or to render a judgment upon demurrer, all facts and inferences in conflict with the evidence against which the action is to be taken must be considered as untrue or withdrawn, and must be entirely eliminated from consideration and disregarded, leaving for consideration only that evidence which is favorable to the party against whom! the demurrer or motion is directed; and if, upon consideration thereof under the foregoing rule, there appears to be sufficient evidence to support a verdict for the plaintiff, it is error to| sustain a demurrer thereto or to direct a verdict for defendant. *Jaffray v. Wolf,* 4 Okla. 303, 47 Pac. 496; *Edmisson v. Drumm-Flato Comm. Co.,* 13 Okla. 440, 73 Pac. .958; *Ziska v. Ziska,* 20 Okla. 634, 95 Pac. 254, 23 L. R. A. (N. S.) ·1; *Shawnee Light & Power Co. v. Sears,* 21 Okla. 13, 95 Pac. 449; *Harris v. M., K. & T. Ry. Co.,* 24 Okla. 341, 103 Pac. 758, 24 L. R. A. (N. S.) 858; *Solts v. S. W. Cotton Oil Co.,* 28 Okla. 706, 115 Pac. 776; *C., R. I. & P. Ry. Co. v. McCulley,* 30 Okla. 178, 120· Pac. 279.

Applying this rule, it was the duty of the court to eliminate from consideration the execution and the return thereon, and when this is done, the record presented the following admitted facts: That plaintiff was the owner of the land; that defendant entered into a rental contract with him, and went into possession of said lands under said rental contract, and kept possession thereof for the year in question, agreeing to pay as rents therefor one-third of the corn and one-fourth of the cotton; and that he raised a crop thereon during said year, and had

sold and disposed of the same, and had failed and refused
to pay plaintiff any rents therefor. Defendant concedes
that these facts are admitted by the demurrer, and con-
cedes that the rule above stated is correct, and also ad-
mits that the execution and return thereon should be
eliminated, but says the facts on demurrer are insufficient
to authorize a reversal of the case, for the reason that
it is not admitted that defendant kept possession of the
land under the contract with plaintiff for the year in
question, nor does it appear that defendant raised a crop
thereon while occupying the same under and by virtue of
the contract entered into with plaintiff, but, on the con-
trary, that it appears from the record and from the
plaintiff's own testimony that defendant did not keep
possession of the lands under said contract, and did not
raise a crop thereon while occupying same under said
contract.

We do not think the action of the court upon the de-
murrer can be sustained. The only ground upon which
such action could be based was the alleged fact that de-
fendant had been dispossessed under said execution.
When the execution and return are laid aside, the only
evidence remaining is a statement by the witness C. A.
Reynolds that, at the time he demanded the rents of de-
fendant, execution had been served upon him, C. A.
Reynolds, and the said Dave Hill put in possession there-
of. The rent was payable in portions of the crop, and it
would therefore not be due until crops matured, which
would be during the fall of the year. If it be proper to
consider this statement upon demurrer, then, giving it
the most reasonable inference in favor of plaintiff, it
could be said that said execution was not served until about

the time crops matured. Be that as it may, the execution and return could not be any justification for defendant attorning to said Hill, for it appears that patents had been issued to plaintiff for the lands in controversy, which bear date of December 11 and December 26, 1911, and under the provisions of section 71, Supplemental Agreement with the Choctaw and Chickasaw Nations (32 Stat. 641), these patents could not lawfully issue until after the expiration of nine months from the date the lands had been selected in allotment. The selection and filing upon an allotment is the inception of title, and when a patent is issued it relates back to the inception of title. *Hooks v. Kennard,* 28 Okla. 457, 114 Pac. 744; *De Graffenreid v. Iowa Land & T. Co.,* 20 Okla. 687, 95 Pac. 624; *Godfrey v. Iowa Land & T. Co.,* 21 Okla. 293, 95 Pac. 792; *Irving v. Diamond,* 23 Okla. 325, 100 Pac. 557.

It appears, from the statement of the pleadings by this court in the former case, it was claimed that in April, 1908, the Secretary of the Interior had canceled the filings made by Dave Hill, on behalf of his children and ward, to the lands in controversy, although patent had been issued thereto. The judgment in that case fixed the rights of the parties thereto as of the date thereof, and could only be binding upon said parties and those standing in privity of estate with them. Neither plaintiff nor defendant in this case was a party to that suit, nor were they defendants in the execution issued upon the judgment therein, nor were they privies in estate with either of the parties thereto. Since the date of that judgment, upon which execution was issued, and under which it is claimed defendant was dispossessed, the lands in controversy have been allotted by the United States to the plaintiff as his share of the

tribal lands of the Chickasaw Nation, and he takes his title direct by allotment, and not from his father; and the judgment against C. A. Reynolds under these circumstances could not be binding upon plaintiff, nor operate to defeat his title to the lands which had been selected by him, and for which patents had been issued. Section 3796, Rev. Laws 1910, provides:

"The attornment of a tenant to a stranger shall be void and shall not affect the possession of his landlord, unless it be made with the consent of the landlord, or pursuant to a judgment at law, or the order or decree of a court."

It is not contended that the landlord consented to the attornment in this case, nor is any judgment offered in evidence which awards possession thereof, as against the plaintiff, to another; and, as has been seen, the writ of execution runs against C. A. Reynolds only, and does not run against the plaintiff or defendant. By section 3820, Rev. Laws 1910, it is made the duty of every tenant who receives notice of any proceedings to recover the real property occupied by him, or the possession thereof, to immediately inform his landlord of the same. There is no evidence in this case that defendant has ever attorned to said Hill, nor is there any evidence that he ever notified plaintiff of the action under said writ of execution. The plaintiff alleges, however, that at the time said writ was served the execution thereof had been restrained by the district court of Grady county, and that defendant knew thereof, and knew that plaintiff would use every means to protect his possession, and knew at the time of the trial that said execution had been restrained, and further knew all of the facts with reference to plaintiff's title to said premises. In view of these allegations and in view

of the testimony offered in behalf of plaintiff, the court should not have sustained the demurrer, but should have required the defendant to offer some proof in support of his defense.

For the errors indicated, the judgment of the trial court is reversed, and the cause remanded for a new trial.

All the Justices concur.