## HARRIS v. OWENBY.

No. 6898.   Opinion Filed July 11, 1916.

Rehearing Denied October 31, 1916.

(160 Pac. 596.)

1.   **BROKERS—Action for Compensation—Questions for Jury.** In an action by a real estate broker to recover commission for the sale of real estate where the evidence is conflicting as to whether the property was listed with the agent and whether his services were the procuring cause of the sale, this question should be submitted to the jury under proper instruction.

2.   **BROKERS—Compensation—Performance of Contract.** Where property is listed with a real estate agent for sale, and the agent introduces or discloses the name of the purchaser to the vendor for such purpose, and through such introduction or disclosure negotiations are begun for the sale of the property, which result in a sale by the owner, the agent will be entitled to his commission therefor.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Action by M. K. Owenby against Sam Harris. Judgment for plaintiff, and defendant brings error. Affirmed.

*G. A. Paul,* for plaintiff in error.

*E. C. Stannard, J. H. Wahl,* and *C. H. Ennis,* for defendant in error.

HARDY, J. Defendant in error, as plaintiff, commenced this action to recover certain commissiones alleged to be due for the sale of certain real estate in the city of Shawnee, and recovered judgment, from which defendant prosecutes error.

The principal question urged is that there was no evidence upon which to submit the case to the jury, or to sus-

tain their verdict. The plaintiff's testimony tended to show that the property in question had been listed with him for sale at a price of $18,000 in trade, with an understanding that if a cash customer was found a less price would be made, but no cash price was agreed upon; that plaintiff had showed the property to one Quirin, but did not place any cash price thereon; that he arranged for a meeting between the owner and the prospective buyer at the Night and Day Bank in Oklahoma City, at which time the sale of the property was discussed, but no agreement reached; that immediately thereafter defendant and Quirin came to Shawnee, and in company with plaintiff viewed the property, when defendant told plaintiff to turn Quirin over to him (defendant); that he knew better how to handle the situation. No sale was consummated at this time, Quirin returning to his home in Ohio, from which place a desultory correspondence was kept up with defendant, finally culminating in a sale of the property by the defendant. The evidence offered by defendant conflicted in all material particulars with that of the plaintiff and tended to prove a different state of facts. There being evidence reasonably tending to support a verdict for plaintiff, the court committed no error in overruling the demurrer thereto. *Reynolds v. Brooks,* 49 Okla. 188, 152 Pac. 411.

And under the well-established rule in this state, where the evidence is conflicting, it was proper to submit to the jury under proper instructions for their determination the questions whether the property had been listed with the plaintiff for sale as claimed by him, and whether his services were the procuring cause of the sale thereof. See *Wheelan et al. v. Hunt,* 37 Okla. 523, 133 Pac. 52; *Eichoff v. Russell,* 46 Okla. 512, 149 Pac. 146; *Schlegel v. Fuller,* 48 Okla. 134, 149 Pac. 1118.

The jury having found the facts in favor of the plaintiff, we have here a case where the property had been listed by the owner with a broker who had introduced to the owner a prospective buyer, with whom negotiations were begun, which finally resulted in a sale of the property by the owner. The question as to whether the property was listed and whether the plaintiff's services were the procuring cause of the sale were both submitted to the jury by proper instructions and found in his favor, and, there being evidence reasonably tending to support their findings, we are not at liberty to disturb the verdict.

The rule as to the right of a broker to recover compensation for his services under such circumstances is stated in *Roberts v. Markham et al.,* 26 Okla. 387, 109 Pac. 127, as follows:

"If, after the lot or realty is placed in the agent's hands for sale, it is brought about and procured by his advertisements or exertions, he will be entitled to his commission, or if the agent introduces or discloses the name of the purchaser to the vendor for such purpose, and through such introduction or disclosure negotiations for the sale of the property are begun, and then effected by the vendor, the agent is entitled to his commission."

It is admitted that instruction No. 6 given by the court correctly states the law, but this instruction is said to be objectionable in that it gives the jury the right to determine, as a question of fact, that which plaintiff himself admitted did not occur. We understand counsel to mean by this that said instruction was improper because upon the state of the record it was the duty of the court to declare as a matter of law that plaintiff was not entitled to recover. This was not true, for we have seen that there was ample evidence to raise an issue of fact, and to re-

quire the submission of the case to the jury, and there was no error in giving said instruction.

No compaint is made of the other instructions given by the court, and we think they fairly present the law of the case, and this is all that it was necessary for the court to do. The instructions requested by defendant were based principally upon the theory that no sale was in fact consummated, or that plaintiff did nothing in the way of performing services, by commencing negotiations, nor by means of an introduction or otherwise, and before he would be entitled to recover it would be necessary for him to produce a binding contract with a person who was ready, willing, and able to purchase the property upon the precise terms prescribed by the owner. In its seventh instruction, which was given upon request of the defendant, the court specifically directed the jury that if defendant and Quirin became acquainted without an introduction by plaintiff and by means of such acquaintance, and without any act performed by plaintiff, began negotiations which resulted in a sale by defendant, the plaintiff could not recover. This instruction presented every question embraced in defendant's third request which could properly have been given. Request No. 4 embraced the proposition that before plaintiff was entitled to recover it was necessary for him to produce a written contract with a purchaser who was ready, willing, and able to buy the property upon the owner's terms. A similar request was refused in *First National Bank of Coweta v. Brumbaugh*, 55 Okla. 506, 154 Pac. 1172, where it was said:

"This instruction is correct when an agent is suing for a commission, where the sale was never consummated, but has no application to the facts in the case at bar, and it would have been error for the court to have given it. * * * But in the case at bar the sale was actually ef-

fectuated, and the fact that there was a lapse of time between the beginning of the negotiations and the final consummation of the deal is immaterial, since the evidence showed the deal was never dropped."

In the instant case a sale was actually made by the owner, and the only issues involved were whether the property had been listed with the plaintiff, and whether his services were the procuring cause of the sale, both of which have been decided, upon competent evidence, against the defendant, and had the court given the instruction as requested, same would not have been applicable to the facts, and would have constituted error. *Oklahoma Ry. Co. v. Christenson*, 47 Okla. 132, 148 Pac. 94.

Request No. 5 was but another form of stating the same proposition embodied in the other requests which have been noticed, and is referred to by counsel as being advisory to the jury in that it states the law to be that if defendant met the purchaser without introduction from plaintiff or without his being the procuring cause of the meeting the owner had a right to negotiate sale of his property, and plaintiff would not be entitled to a commission. This principle was covered by the instructions given, and it was not necessary for the court to repeat it in different form or verbage, for to do so would be giving this question undue prominence.

There being no prejudicial error in the record, the judgment is affirmed.

All the Justices concur.