**GULF, C. & S. F. RY. CO. v. BEASLEY.**

No. 5742—Opinion Filed Oct. 9, 1917.

(168 Pac. 200.)

(Syllabus.)

**1. Trial—Overruling of Demurrer — Cure of Error.**

Where a demurrer to plaintiff's evidence is overruled, and defendant thereupon proceeds to offer testimony, and in so doing supplies any omission in the plaintiff's testimony, the error, if any, in overruling the demurrer, is cured.

**2. Master and Servant—General Denial— Independent Contractor.**

In an action for damages for personal injuries, the defense that the person responsible for the injury complained of was an independent contractor is not an affirmative one, and need not be specially pleaded, but is available under a general denial.

**3. Same—Construction of Contract—Question for Jury.**

Where a contract is in writing, or the terms thereof are undisputed, even though

resting in parol, or if but one inference can be drawn from the evidence, it is the duty of the court to construe the contract and determine as a matter of law whether the relation is that of employer and independent contractor, or of master and servant.

**4. Master and Servant — Railroads—Questions for Jury — Negligence — Acts of Servants.**

Evidence examined, and held sufficient to warrant the submission of the case to the jury upon the question as to whether the injuries complained of were caused by the negligence of the defendant, and as to whether the persons whose negligent acts caused said injuries were in the employ of or acting under the direction of the defendant at the time the negligent acts which caused plaintiff's injuries were committed.

Kane, J., dissenting.

Error from District Court, Carter County; Stillwell H. Russell, Judge.

Action by James Beasley against the Gulf, Colorado & Santa Fe Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed. [Former opinion, published in 153 Pac. 1155, withdrawn.]

Apple & Franklin and Brown & Brown, for plaintiff in error.

Moore & Bass and Geo. M. Green, for defendant in error.

HARDY, J. From a judgment in favor of defendant in error and against plaintiff in error in an action for personal injuries, this appeal is prosecuted. The parties will be referred to in accordance with the positions they occupied in the trial court.

Plaintiff was an employe of the Carter County Fruit Growers' Association, and on the 12th day of August, 1912, was engaged in loading a refrigerator fruit car located on a spur track of defendant near the plant of the Ardmore Ice, Light & Power Company in the city of Ardmore, and while so engaged and on the inside of the car another car without warning was negligently bumped against the car in which plaintiff was working, knocking him to the floor, and driving some lumber against his hip and back with great force and violence, causing him serious and permanent injury. The car in which plaintiff was injured was not spotted at the regular loading place, but the agent of the defendant had designated this car as the one to be loaded, and given permission for loading at that particular point, which was at the lower end of the spur track. This track was higher at the point near the ice plant where the cars were being iced, and it was a custom of the em-

ployes of the ice company to pinch off cars and permit them to run down to the lower end of the track of their own momentum, and it was while plaintiff was engaged in loading the car in which he was working that a car was pinched off at the upper end of the spur track and permitted to run down and against other cars standing on the track, causing them to bump into the car in which plaintiff was working.

Defendant contends that the court erred in overruling its demurrer to plaintiff's evidence. Whether there was error in this action of the court it is not necessary to consider, if upon the whole case there was sufficient evidence to take the case to the jury. St. L. & S. F. R. Co. v. Loftis, 25 Okla. 496, 106 Pac. 824.

After its demurrer was overruled, defendant offered evidence in support of its defense, at the close of which it requested the court to instruct a verdict in its favor, which request was refused, and error is assigned upon this action of the court. The case was tried on the theory by plaintiff that the injury was caused by the negligence of the defendant in that the person pinching off the car which ran down and against other cars that bumped into the car in which plaintiff was working was at the time in the employment or under the direction of the defendant, while defendant's theory was that the injury was caused by the negligence of the employes of the ice company, and that the ice company was an independent contractor for whose wrongful acts the defendant was not liable. There was no allegation in the answer that the ice company was an independent contractor, and it is urged by plaintiff that this issue was not properly in the case. This position is not correct. Under the Code the defense that the person responsible for the injuries complained of is an independent contractor is not an affirmative one, and need not be specially pleaded, but is available under a general denial. This is true because evidence tending to show that a person other than the defendant is responsible for the alleged injuries is evidence tending to prove that the injury was not caused as a result of the negligence of defendant, and is therefore material to defendant's defense under a general denial. Roemer v. Striker, 142 N. Y. 134, 36 N. E. 808; De Sandro v. Missoula Light & Water Co. et al., 48 Mont. 226, 136 Pac. 711; Overhouser v. American Cereal Co., 128 Iowa, 580, 105 N. W. 113; Woodward Iron Co. v. Brown, 167 Ala. 316, 52 South. 829. And

where the contract is in writing or the terms thereof are undisputed, even though established by parol, or if but one inference can be drawn from the evidence, it is the duty of the court to construe the contract and determine as a matter of law whether the relation is that of employer and independent contractor, or of master and servant. C., R. I. & P. R. R. Co. v. Bennett, 36 Okla. 358, 128 Pac. 705; C., R. I. & P. R. R. Co. v. Bond, 47 Okla. 161, 148 Pac. 103; Muskogee Electric Traction Co. v. Hairel, 46 Okla. 409, 148 Pac. 1005.

The court did not so determine in this case, but submitted the issue to the jury under instructions that directed them if they believed that the employes of the Ardmore Ice, Light & Power Company or those engaged in icing cars at the time of the injury were also in the employ of or acting for the defendant railroad company, and that such employes were negligent by reason of which the injury resulted to the plaintiff, they should find a verdict in his favor, and the instructions also contained the converse of this proposition; that if the jury believed that the employes of the ice company were not acting for and in the employment for the time being of the defendant company, that the plaintiff could not recover. Exceptions were saved to the giving of these instructions, and error is urged thereon.

Counsel for the railroad company strenuously insist that there was no evidence justifying the giving of these instructions, and contend that, under the undisputed facts and evidence, it was apparent that the Ardmore Ice, Light & Power Company was an independent contractor, and had complete and exclusive charge and control of the work of icing cars for the defendant, and that the employes who pinched off the car in question which caused the injury to plaintiff were at the time in the exclusive employment of the ice company and under its exclusive direction and control. Upon this point, Wirt Franklin testified in substance that plaintiff was put to work in the car in question at the direction and invitation of the agent of defendant; that this agent was present operating the brakes upon some cars and appeared to be in charge of the movement of the cars at that point. The agent of defendant testified that he sent the fruit people down there to load the peaches in the car in which plaintiff was working, and that he and the manager of the ice plant were on top of the two cars which were bumped against the car in which plaintiff was working at the time of the injury.

A witness by the name of Gutshaw stated that he was working for the Ardmore Ice, Light & Power Company, for whom he had been working for four or five years, and explained in detail the manner by which cars were iced and the method of handling them upon the spur track. This witness stated that it was a common practice to pinch the cars off from the loading station and permit them to run down the track and bump into cars situated at that point, and that they would handle as many as 25 or 30 cars a day in this manner; that at the time of the injury he was operating the brakes upon the car which bumped into the two cars upon which the agent of defendant and the manager of the ice plant were standing, and when pressed for a definite statement, testified that he was operating the brakes upon one car, and that the agent of the defendant was operating the brakes upon the car upon which he was standing. This witness further testified that the agent of defendant knew of this custom, and that when the defendant was in a rush for cars, the agent would come down and help the employes of the ice company bump them in the manner described, and would get upon and use the brakes on top of the cars. There is evidence contradicting these statements, and the most that can be said of the contention of defendant is that the evidence is conflicting. The rule upon which the sufficiency of the evidence is tested when assailed by a motion for directed verdict is that all facts and inferences in conflict with the evidence against which the action is to be taken must be considered as untrue or withdrawn, and must be eliminated from consideration and disregarded, leaving for consideration only that evidence which is favorable to the party against whom the motion is directed, and if upon consideration thereof, under the foregoing rule there appears sufficient evidence to support a verdict for plaintiff, it is error to direct a verdict for defendant. Reynolds v. Brooks, 49 Okla. 188, 152 Pac. 411, and cases cited.

When it was shown that the agent of defendant had directed the loading of the car at this point, and that he was apparently in charge of the movement of the cars at the time and place of the injury, and was operating the brakes upon one of the cars, this was sufficient to carry the case to the jury, and when it was further shown that the negligent operation of the cars resulted in plaintiff's injuries, this was sufficient to sustain a finding that the injury was caused by the negligence of the defendant. There being sufficient evidence to warrant the court in submitting the case to the jury, the omission, if any, in the plaintiff's evidence was cured, and it was not error to deny defendant's request for an instructed verdict. St. L. & S. F. R. R. Co. v. Loftis, supra; Reynolds v. Brooks, supra.

The question as to whether the act of directing the car to be loaded at the particular point was the proximate cause of the injury needs no consideration when it is determined that there was sufficient evidence to support a finding that the negligent movement of the cars which caused the injury was under the direction of defendant. The case was tried by counsel for both sides (and was so understood by the trial court) as being an effort to fix liability upon the defendant by reason of its negligence in causing a car to bump into the car in which plaintiff was working, and upon this issue was fairly submitted to the jury, who found against the defendant. This view of the case also disposes of the exceptions reserved to the action of the court in refusing instructions requested by defendant. The principles embodied therein were, so far as applicable to the record before us, covered by the instructions given, and the requests were properly refused.

All the Justices concur, except KANE, J., who dissents.