## McMILLAN et al. v. WRIGHT.

No. 14273—Opinion Filed Oct. 16, 1923.

1. Pleading—Estoppel—Waiver of Pleading.

While, as a general rule, estoppel or waiver must be pleaded, failure to do so may be waived by defendant proceeding with the trial of the case without objection as though such estoppel had been pleaded by the plaintiff.

### 2. Appeal and Error—Questions of Fact—Verdict.

Where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling upon law questions presented during the trial, then the verdict and finding of the jury is conclusive upon appeal, and will not be disturbed by the Supreme Court.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by B. F. Wright against J. A. McMillan and Jack Spain, copartners doing business under the name of McMillan & Spain, to recover a money judgment. Judgment for plaintiff, and defendants appeal. Affirmed.

Eugene Rice, for plaintiffs in error.

C. L. McArthur and John W. Scott, for defendant in error.

Opinion by FOSTER, C. This action was commenced in the district court of Stephens county, Okla., by B. F. Wright, defendant in error, as plaintiff below, against J. A. McMillan to recover the sum of $350, alleged to be due the plaintiff as purchase money for two houses and lots located in the town of Empire in said Stephens county.

An amended petition was filed on the 30th day of January, 1922, by the defendant in error, making Jack Spain a party defendant, and suing the plaintiffs in error, J. A. McMillan and Jack Spain, copartners doing business under the name of McMillan & Spain, defendants below, to recover said sum of $350. The parties will be hereinafter referred to as they appeared in the court below.

In his amended petition the plaintiff sets out two causes of action against the defendants.

In his first cause of action, plaintiff alleged that on the 22nd day of May, 1920, he sold the defendant a certain lot for a consideration of $700, of which amount $400 was paid in cash: that the defendants agreed in writing to pay the remainder of the consideration, to wit, $300, within a few days thereafter, and that to evidence said promise to pay, a writing was executed by the defendants, but that he was unable to attach a copy of said writing to his petition by reason of the same having been lost.

The second cause of action alleged that on the ———— day of May, 1920, plaintiff sold to the defendants a certain house for the sum of $125, of which amount $75 was paid in cash, and by virtue of an oral promise, the balance of $50 was payable in a few days; that none of said sums had been paid and plaintiff demanded judgment on each cause of action in the total sum of $350, with interest at the rate of six per cent. per annum from the date of the maturity of the indebtedness.

It was further alleged that at the time of incurring the obligations set forth in both causes of action, J. A. McMillan and Jack Spain were copartners, engaged in the brokerage business and buying and selling houses, lots, and leases in Empire City, Stephens county, Okla.

Defendants' answer was unverified and was a general denial of the allegations of each cause of action, and a specific denial that they were partners at the times mentioned in the petition, or at any other time, and denied that they entered into the contract mentioned in plaintiff's first cause of action.

Further answering plaintiff's second cause of action, they alleged that J. A. McMillan acted as agent of a certain Dr. Stone in said transaction and that the entire purchase price had been paid.

No reply was filed and on the 13th day of October, 1922, the cause was tried to a jury resulting in a verdict for the plaintiff on each cause of action in the total sum of $350. At the close of plaintiff's testimony, the defendants demurred to the evidence, and at the close of all the testimony in the case, requested the court to instruct the jury to return a verdict in favor of the defendants on each cause of action. The demurrer and motion was by the court overruled and exceptions allowed. Motion for a new trial was filed and overruled, and the defendants appeal and assign the following errors:

First. The court erred in overruling the demurrer of the defendants to the evidence of the plaintiff.

Second. The court erred in overruling defendants' motion for an instructed verdict as to plaintiff's first cause of action.

Third. The court erred in overruling the defendants' motion for an instructed verdict as to plaintiff's second cause of action.

Fourth. That the verdict and judgment are contrary to the law and the evidence.

Fifth. The court erred in overruling defendants' motion for a new trial.

All of the assignments of error go to the sufficiency of the evidence to sustain the verdict of the jury. Defendants contend that the evidence wholly fails to establish the

partnership. It is argued that the specific denial by the defendants in their answer of the existence of a copartnership cast the burden of proving the partnership upon the plaintiff, and that in the absence of direct proof in the record of the existence of such copartnership, mere proof of acts, declarations, and conduct on the part of the parties themselves will not suffice by way of estoppel in the absence of a reply specially pleading such conduct as an estoppel. It is admitted that the question of the existence of the partnership is directly in issue, in spite of the fact that defendants' answer is unverified.

It is true that the burden of proof under the issues as they stood at the trial rested upon the plaintiff to prove the existence of the copartnership alleged, and that there is no direct proof in the record of the existence of the partnership, nor is there any allegation either in plaintiff's petition or in any subsequent pleading filed by him of acts and conduct of the parties which would operate as an estoppel. By direct proof, we mean that no contract or engagement, either verbal or in writing, was introduced to show that the defendants had voluntarily entered into a contract of partnership with each other. There was evidence, however, to the effect that at the time the transactions involved in the case at bar took place, as well as at other times, the parties by their conduct and admissions held themselves out as partners, and this evidence was introduced without any objection being made by the defendants on the ground that the testimony introduced was not within the issues raised by the pleadings.

It was the duty of the defendants, if they desired to present for review by this court the admissibility under the pleadings of the testimony offered to show an estoppel, to have objected to the introduction of the testimony at the time it was offered, and their failure so to do is a waiver of all objections, and an objection made for the first time in the Supreme Court comes too late.

In the case of First Bank of Texola v. Terrell, 44 Okla. 719, 145 Pac. 1140, the court said in the syllabus:

"While, as a general rule, estoppel or waiver must be pleaded, failure to do so may be waived by plaintiff by proceeding with the trial of the case without objection, as though the defense relied on had been pleaded."

And in the body of the opinion, the court said:

"It is insisted by counsel for plaintiff in error that defendant, having pleaded neither a waiver nor estoppel, was not entitled to offer evidence thereof. It is a rule well supported by authorities that a waiver cannot be proved unless it is within the issues made by the pleadings; and, where the facts constituting a waiver are relied upon as an estoppel, they must be especially pleaded. * * * From an examination of the evidence, however, we fail to find where plaintiff offered any objection to the evidence tending to prove either an estoppel or waiver on its part, but that, on the other hand, all such evidence was introduced without objection. It is therefore too late to raise the objection for the first time in this court. Hanson v. Buckner's Ex'r, 4 Dana, 251, 29 Am. Dec. 401; McDonnell v. De Soto Sav. & Bldg. Ass'n, 175 Mo. 250, 75 S. W. 438, 97 Am. St. Rep. 529; Alderson v. Marshall, 7 Mont. 288, 16 Pac. 576; Capital Lbr. Co. v. Barth et al., 33 Mont. 94, 81 Pac. 994.

There was evidence in the record sufficient, if believed by the jury, to estop the defendants from denying that the copartnership existed. It is true that the testimony offered to prove this estoppel was disputed by the defendants, but this was a question of the weight of the evidence to be passed upon by the jury.

It is well settled by a long and unbroken line of authorities in this state that where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling upon law questions presented during the trial, then the verdict and finding of the jury is conclusive upon appeal, and will not be disturbed by this court. Harris v. Owenby, 58 Okla. 667, 160 Pac. 596; Bunker v. Harding et al., 70 Oklahoma, 174 Pac. 749; Carden v. Humble, 76 Okla. 165, 178 Pac. 104; Lusk et al. v. Bandy, 76 Okla. 108, 184 Pac. 144; Incorporated Town of Wetumka v. Burke et al., 88 Okla. 86, 211 Pac. 522; and many others.

In the instant case the jury heard the evidence of all the witnesses and had the opportunity of observing their demeanor upon the stand. They are the exclusive judges of the credibility of the witnesses and the weight to be given the testimony, and as there is competent evidence reasonably tending to support the verdict, the same will not be disturbed by this court.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.