## WADE v. HOPE et al.

No. 15627—Opinion Filed Sept. 15, 1925.

Rehearing Denied Dec. 1, 1925.

**Appeal and Error—Review—Sufficiency of Evidence—Conclusiveness of Verdict.**

Where there is competent evidence reasonably tending to support the verdict of the jury and no prejudicial errors of law are shown in the instructions of the court, or its ruling upon law questions presented during the trial, the verdict and finding of the jury is conclusive and will not be disturbed by the Supreme Court on appeal.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Jefferson County; Will Linn, Judge.

Action by R. W. Hope and Ike Killingsworth, a partnership, doing business under the firm name of Hope & Killingsworth, against T. M. Vaught and C. S. Wade, doing business under the name of T. M. Vaught, to recover a money judgment. Judgment for plaintiffs, and the defendant Wade appeals. Affirmed.

H. B. Lockett, for plaintiff in error.

Bridges & Vertrees, for defendants in error.

Opinion by FOSTER, C. This was an action by the defendants in error, as plaintiffs, in the district court of Jefferson county, against the plaintiff in error and T. M. Vaught, who were alleged to be partners, to recover a balance alleged to be due on the purchase price of 183 head of cattle. No defense to the action was interposed by Vaught, and judgment by default was taken against him.

The plaintiff in error filed his answer in the nature of a general denial, and the cause thereupon proceeded to trial before a court and a jury, resulting in a verdict and judgment in favor of the plaintiffs for the sum of $2,866, with interest from the 8th day of July, 1913, and costs of suit. From this judgment and from a judgment overruling his motion for a new trial, the plaintiff in error appeals to this court for review. Parties will be hereinafter referred to as they appeared in the trial court.

Plaintiffs charged in their petition that at the time of their transaction with Vaught, and for a number of years prior thereto, Vaught and the defendant Wade had been partners, carrying on the business of buying, shipping, and selling cattle; that the transaction by which they sold the cattle to Vaught was a partnership transaction whereby both Vaught and the defendant Wade became liable to the plaintiffs for the purchase price thereof.

It was not disputed that T. M. Vaught bought the cattle from the plaintiffs or from the plaintiffs' agent, giving his check therefor in the sum of $3,455, drawn on the Comanche State Bank of Comanche, Okla., and that this check was forwarded through the usual channels for payment and payment thereof refused by the bank, and that there was due plaintiffs from Vaught the amount of said check less the sum of $589, which plaintiffs later received and credited, leaving a balance due and unpaid of $2,866.

Practically the entire trial revolved around the controverted question as to whether or not a partnership existed between the defendant Wade and Vaught, so as to make Wade liable.

There was a mass of testimony introduced by both sides upon this issue. A good deal of the evidence on both sides was indirect and circumstantial, dealing with transactions between Vaught and Wade for a number of years prior to the disputed transaction, and with alleged statements and admissions of Wade concerning the transaction involved made at the time of the transaction and subsequent thereto. Ultimately, the outcome of the issue seemed to resolve itself into a question of veracity between Vaught and Wade. Wade was cashier of the Comanche State Bank at the time the various transactions occurred to which the testimony relates.

Vaught testified positively that a partner-

ship existed between himself and Wade in the purchase of the cattle in controversy from the plaintiffs, detailing the circumstances under which the cattle were purchased and the part played by the defendant Wade in the transaction from the time he purchased the cattle in Louisiana or Texas until they were sold in Ft. Worth, and the proceeds remitted through banks in Comanche and collected by Vaught.

Wade denied the partnership and insisted that the part he played was only that of an officer of the bank of which he was cashier. The jury believed the testimony of Vaught. It will serve no useful purpose to review at length the testimony in this case. We have examined the record sufficiently, however, to be convinced that the verdict of the jury is reasonably supported by the evidence in the case, and if no prejudicial errors of law were committed by the trial court in its instruction to the jury, or in its ruling upon law questions presented during the trial, such verdict and judgment is binding in this court on appeal.

The jury heard the evidence of all the witnesses and had the opportunity of observing their demeanor on the stand. They are the exclusive judges of the credibility of the witnesses and the weight to be given their testimony. McMillan et al. v. Wright, 93 Okla. 45, 219 Pac. 298.

A number of propositions are discussed by the defendant in his brief as grounds for reversal. The first proposition raised is that the trial court erred in permitting the plaintiff Killingsworth to testify to the contents of an unauthenticated letter. The letter about which the plaintiff Killingsworth testified was received from Vaught and later lost by him while enroute from St. Louis to Comanche, Okla. This letter purported to be a letter written by Wade to Vaught on the occasion of the purchase of the cattle in controversy containing certain instructions to Vaught in connection with the cattle purchased, or to be purchased, by Vaught.

Vaught testified that he received a letter from Wade the contents of which were substantially as testified to by Killingsworth on the occasion in question, and that the letter was turned over by him to Killingsworth during the time that he was incarcerated in jail at Longview, Tex. Wade himself testified that he wrote a letter to Vaught on the occasion in question and we think that this admission by him, coupled with Vaught's testimony, was sufficient authentication of the letter to make its contents admissible where the original letter is shown to have been lost.

It is true that the letter which defendant Wade testified he wrote contained language discouraging and cautioning Vaught against buying cattle, but whether the letter contained an instruction to buy or an instruction to refrain from buying, it would still be consistent with the partnership relation which plaintiffs insist existed between Wade and Vaught at the time.

It is not the contents of the letter so much as the fact that a letter was written, having to do with the identical subject-matter in dispute, that makes the letter material, and since Wade admits writing such a letter, its contents were, we think, rendered admissible.

It is next urged that the trial court erred in refusing to require the plaintiff Killingsworth to testify whether he had an understanding with the witness Vaught, either by words or acts, that if he would furnish the evidence in the instant case he would not be prosecuted. We agree that if a conspiracy existed between the plaintiffs and Vaught to establish liability against Wade through a corrupt agreement on the part of the plaintiffs not to prosecute Vaught for the part he played in the transaction, the defendant had a right to show that fact. It is obvious that the existence of such a conspiracy, if it did exist, was a very vital thing to the defense of the defendant.

It was not shown that the criminal proceeding instituted by the plaintiffs against Vaught, in Texas, had been dismissed at the time of the trial and no testimony was introduced tending to show that the plaintiffs had made any representation to the officers at Longview, Tex., that they were maintaining said prosecution only as a means to aid in the collection of their claim against Wade.

Plaintiff Killingsworth testified on cross-examination that he had no agreement or understanding with Vaught not to prosecute him in return for favorable testimony against Wade, but that having caused Vaught's arrest, all of his efforts up to the time of the trial had been directed to ascertain whether or not Vaught was a guilty man.

In this state of the record it was clearly not competent for the defendant to attempt to prove such a conspiracy by alleged impressions received by Vaught from the plaintiffs not made in the usual and ordinary

manner. Such matters are too remote to be received as evidence in a court of law.

It is next contended that the trial court erred in refusing to give defendant Wade's requested instruction number 2, and the refusal of the court to instruct the jury on defendant's theory of the case. The requested instruction is as follows:

"The court instructs the jury that although they should find that there was an agreement or understanding between the Comanche State Bank and the defendant Vaught, then and in that event such understanding or agreement would not be binding on the defendant, C. S. Wade, personally, and you should so find."

It was alleged by the plaintiffs in their petition that a partnership existed between the defendant Wade and Vaught. The answer of the defendant Wade was a general denial, which put the existence of the partnership directly in issue.

An examination of the general instructions discloses that the court required the jury to definitely determine that a partnership existed between Wade and Vaught before a verdict could be returned for the plaintiffs, and in that connection it instructed the jury what was necessary under the law to create a partnership.

The instructions further told the jury specifically that no verdict could be rendered against Wade unless they found it to be a fact that Wade and Vaught were in partnership in the buying and selling of cattle on the date that Vaught purchased the cattle from the plaintiffs. There was no allegation in the defendant's answer nor was it the defendant's theory of the case, as disclosed by the opening statement of his attorney, that the Comanche State Bank and Vaught were partners in the buying and selling of cattle and that the part Vaught played in the transaction was simply that of an agent of the bank, but it was the defendant's theory that neither he nor the bank was a partner with Vaught in the cattle business, and hence there was no issue raised at the trial, or under the pleadings, that Vaught and the bank were in partnership in buying and selling cattle. It is apparent, therefore, that the instruction offered was not applicable to the issue as disclosed by the pleadings and the evidence in the case.

As before stated, the trial resolved itself into a question largely of veracity between Vaught and Wade. Furthermore it is apparent that an instruction telling the jury, in effect, that any agreement or understanding between the bank and Vaught would not be binding on the defendant personally, while unobjectionable as an abstract statement of the law, is without application to the issues formed by the pleadings in the instant case, in the absence of a further instruction telling the jury that such agreement or understanding must be found to have some connection with or relation to such issue.

The trial court, we think, committed no error in refusing defendant's requested instruction number 2.

It is finally contended that the trial court erred in refusing to sustain defendant's motion and supplemental motion for a new trial on the ground of newly discovered evidence. The newly discovered evidence relied on was incorporated in an affidavit by one W. W. Grisham to the effect that a partnership existed between himself and T. M. Vaught for the buying and selling of cattle, whereby one-half of the profits should be applied on Vaught's indebtedness to the Comanche State Bank, and the other half divided equally between the parties.

It will be observed that the affidavit states that the Comanche State Bank furnished the money to Vaught, in pursuance of the agreement between Grisham and Vaught to form a partnership, and hence the bank must have known of the alleged existence of this co-partnership at and prior to the time of the trial of the instant case.

Wade, as cashier of the bank, must have known that such an agreement as stated in the affidavit had been made by the bank. Hence the evidence incorporated in the affidavit was not such as could not have been discovered before the trial by the exercise of due diligence within the rule of law laid down in the case of First Natl. Bank of Taloga et al. v. Farmers State Guaranty Bank, 62 Okla. 30, 161 Pac. 1063.

There is nothing in the statements of Grisham contained in his affidavit to the effect that the Comanche State Bank was not aware of the alleged partnership existing between himself and Vaught. On the other hand, he states that his agreement with Vaught was based upon agreement by the Comanche State Bank that it would loan Vaught the money with which to buy cattle and that pursuant to the agreement, the Comanche State Bank furnished the money.

Besides, it clearly appears from the entire record that during the time when it is claimed the alleged partnership between Vaught and Grisham was in force, Vaught

sustained the most cordial relations with the Comanche State Bank and with Wade, its cashier, and there is no reason to suppose that Vaught would conceal from the bank his alleged relations with Grisham.

When the entire record is considered, we cannot say that the trial court abused its discretion in refusing to grant the defendant. a new trial upon the ground of newly discovered evidence.

Finding no error in the record sufficient to justify a reversal the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 851, §2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90, 5 R. C. L. Supp. p. 79.