## BRANHAM v. INTERNATIONAL SUPPLY CO. et al.

No. 21595. Nov. 14, 1933.

Withdrawn, Corrected, and Refiled Nov. 18, 1933.

Rehearing Denied Dec. 5, 1933.

Roy F. Ford and S. J. Montgomery, for plaintiff in error.

Sam A. Neely, McMahon & Keating, D. F. Rainey, Phillip J. Kramer, and Breckenridge & Bostick, for defendants in error.

RILEY, C. J. Margie Branham, for benefit of next of kin, sued the corporate defendants and Silas W. Campbell and Fred W. Campbell, individual defendants, for the wrongful death of her husband, G. B. Branham. The action was dismissed as to Fred W. Campbell. Demurrers to the evidence interposed by the corporate defendants were sustained, and judgment was rendered for plaintiff against the remaining individual defendant, Silas W. Campbell, in the sum of $8,000.

This appeal is based upon contended error of the trial court in sustaining the demurrer of the corporate defendants.

Silas W. Campbell, the individual defendant, was proprietor and operator of a general motor truck business; a part of that business was done under a special agreement with the corporate defendants. The corporate defendants were engaged in wholesale and retail sale of oil field equipment. They jointly owned and occupied premises in the city of Tulsa. Campbell employed truckmen and supervised the operation of his trucks. Campbell was under contract with the corporate defendants to haul freight from the warehouses of the Oklahoma Iron Works to designated points in Oklahoma and Kansas for a consideration based upon the rate charged by common carriers. Campbell furnished his own trucks and superintended their movements and hired the drivers, one of whom was Virgil Robinson.

On the date of the injury, Campbell placed

two of his trucks near the loading rack of the supply house of the corporate defendants. The trucks were about four feet apart and headed in opposite directions. The decedent, Branham, employed by Campbell, was standing between the trucks. Campbell gave orders to Robinson to move the truck driven by him to another location for materials. The engine of the truck was cranked while in reverse gear. Branham was fatally injured by being crushed between the trucks.

The corporate defendants owned and operated a hoist by which the materials shipped were moved to the trucks for loading. The arrangements of the loads and the amount thereof were under the direction of Campbell. Neither of the corporate defendants was operating any machinery over or about the empty truck driven by Robinson at the time its movement inflicted the fatal injury.

The facts are undisputed. The relation of the parties was, in the first instance, for the determination of the trial court as a matter of law.

Was the negligence of Robinson, under the rule of respondeat superior, that of the corporate defendants, or was it that of Campbell, the individual defendant?

The determination of this question is dependent upon whether Campbell occupied a position as independent contractor, or whether he and his employee, Robinson, were employees of the corporate defendants. Gulf. C. & S. Ry. Co. v. Beasley, 67 Okla. 27, 168 P. 200; Producers Lbr. Co. v. Butler, 87 Okla. 172, 209 P. 738; Wagoner v. A. A. Davis Const. Co., 112 Okla. 231, 240 P. 618; Moore & Gleason v. Taylor, 97 Okla. 193, 223 P. 611.

The undisputed testimony of all of plaintiff's witnesses, taken as a whole, was found by the trial court to establish the relationship of contractor and contractee and not that of employer and employee. A review of evidence upon this point convinces us that the trial court did not err.

No other ground is presented for reversal of the judgment rendered.

Judgment affirmed.

SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. McNEILL, J., disqualified. CULLISON, V. C. J., and ANDREWS, J., absent.